WARNER, J.,
dissenting.
While I agree that the policy language unambiguously excludes coverage for appellant, I am not convinced that the exclusions as written are authorized by the statute under the facts of this case. In Government Employees Insurance Co. v. Douglas, 654 So.2d 118, 120 (Fla.1995), the supreme court interpreted its decision in Mullis v. State Farm Mutual Auto. Insurance Co., 252 So.2d 229 (Fla.1971), as standing for the proposition that UM coverage does not inure to a particular motor vehicle but instead protects an insured and members of the insured’s family from injuries inflicted by an uninsured motorist under whatever conditions, locations, and circumstances the insured happens to be in at the time. The court believed that the legislature accepted that principle when it enacted the 1987 amendment to the UM statute, creating the exceptions to coverage set forth in section 627.727(9)(d). See id. at 120.
As the majority notes, the supreme court has also stated that the UM statute was enacted to provide relief to innocent persons and is not to be whittled away by exclusions. See Young v. Progressive Southeastern Ins. Co., 753 So.2d 80, 83 (Fla.2000). Therefore, I believe that we should narrowly view policy provisions that attempt to exclude coverage and require strict compliance with the statutory provisions, as these provisions reduce the beneficial coverage intended by the legislature in enacting UM coverage provisions.
In reviewing the five allowed statutory exclusions, it is apparent that neither section 627.727(9)(a) nor (e) applies in this circumstance. As to section (b), I cannot conclude that the language of any of the exclusions in the policy follows this exception. I also do not agree with appellee’s interpretation of section (c) and its application to the coverage exclusions listed in the policy. For one thing, there is an additional specific exclusion in the policy that incorporates this statutory exclusion. As to section (d), to construe the policy provisions as excluding coverage under this authorized exception requires adding language to the statute, under the particular facts of this case. That section permits exclusion of coverage where the insured is injured while occupying a vehicle owned by an insured or family member for which UM coverage was not purchased. In this case, however, UM coverage was purchased for the brother’s vehicle, albeit on its own separate policy. The legislature may have intended to require UM coverage to have been purchased under the same policy as the insured vehicle, but that would require reading into the statute words it does not contain.
Because exclusions from UM coverage should be narrowly construed, I conclude that the policy exceptions do not comply with the statutorily authorized exceptions and thus do not exclude coverage in this case. I would therefore reverse.